ABRAHAM MARSHALL, appellant *v.* ABRAHAM MAURY, appellee.

*Appeal from Schuyler.*

A *scire facias* to foreclose a mortgage, is considered both as process and declaration; and the proper course to take advantage of informalities, is by demurrer.

A *scire facias* may be amended.

The objection that a judgment was given without a rule to plead, cannot be assigned for error.

A *scire facias* on a mortgage, is a proceeding *in rem;* and the judgment should direct the sale of the mortgaged premises. The direction "that a special execution issue therefor, according to the statute in such case made and provided," is not sufficient.

THIS cause was heard at the June term, 1835, of the Schuyler Circuit Court, before the Hon. Stephen T. Logan, and judgment rendered for the appellee.

C. WALKER and G. W. P. MAXWELL, for the appellant.

O. H. BROWNING, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was a *scire facias* brought by Maury against Marshall in the Schuyler Circuit Court, to foreclose a mortgage executed by Marshall to Maury. A motion was made in the Circuit Court by the defendant below, to quash the *scire facias*, for not averring that the note copied into it was the note referred to in the mortgage; and because it did not assign either a breach of the mortgage, or a breach of the note. The Circuit Court overruled the motion, and the defendant not making any farther defence, the Court gave judgment for the plaintiff for the amount due on the mortgage, with directions "that a special execution issue therefor, according to the statute in such case made and provided."

The errors assigned are:

1. That the Circuit Court refused to quash the *scire facias.*

2. Entering judgment without a rule to plead.

3. Rendering judgment for more than the *scire facias* claimed.

4. Rendering judgment generally instead of specially.

A *scire facias* is considered both as process and declaration; and the proper course to take advantage of informalities, is by demurrer. Had the defendant below demurred, the *scire facias* might have been amended.(1) The motion to quash was therefore correctly overruled. The objection that the judgment was given without a rule to plead, cannot be assigned for error. If according to the practice of the Court below, a rule to plead ought to have been entered, the proper course would have been to apply to the Court below to have set aside the judgment for irregularity. The last error assigned is fatal. The statute provides "That the Court may proceed to give judgment, with costs, for such sum as may be due by said mortgage, or appear to be due by the pleadings, or after defence, if any be made, and also that said mortgaged premises be sold to satisfy such judgment." A *scire facias* on a mortgage, is a proceeding *in rem ;* and the judgment should have been, as the statute directs, to sell the mortgaged premises. For this error the judgment must be reversed with costs, and the cause remanded with directions to the Circuit Court to give the proper judgment.

*Judgment reversed.*

(1) State Bank of Illinois *v.* Buckmaster, Breese 133; Snyder *v.* The State Bank of Illinois, Breese 122.